

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 10 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RHONDA ELAINE WILSON, | § | |
| Plaintiff, | § § § | |
| v. | § § | NO. 3:14-CV-2491-BF |
| CAROLYN W. COLVIN, Commissioner of Social Security, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rhonda Elaine Wilson brings this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision should be AFFIRMED.

### Background

Plaintiff alleges that she is disabled due to a variety of ailments, including diabetes, neuropathy, arthritis, and high blood pressure. After her SSI application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on February 27, 2013. At the time of the hearing, Plaintiff was 55 years old. She has a high school education and past work experience as a receptionist. Plaintiff has not engaged in substantial gainful activity since June 30, 2011.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI. Although the medical evidence established that Plaintiff suffered from type II diabetes with mild proliferation

1

retinopathy, hypertension, mild degenerative joint disease of the left hip, Achilles tendonitis, arthritis of the bilateral shoulders with a history of right rotator cuff repair, and obesity, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work and was capable of performing her past relevant work as a receptionist. Accordingly, the ALJ found that Plaintiff was not disabled and not entitled to SSI. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

In a single ground for relief, Plaintiff contends that the ALJ erred in finding that she can perform her past relevant work as a receptionist. *See* Pl.'s Br. at 2. The issues have been fully briefed, and this matter is ripe for determination.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits

3

was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

The ALJ determined at step four of the sequential analysis that Plaintiff was not disabled because she was capable of performing her past work as a receptionist. *See* Tr. at 16-17. In making that determination, the ALJ expressly relied on testimony from a vocational expert ("VE") that Plaintiff's receptionist job "would not be precluded by her current residual functional capacity for a reduced range of sedentary work as determined [by the ALJ]." *Id.* Significantly, the ALJ found that Plaintiff's RFC for sedentary work was reduced by the inability to do more than "occasional overhead reaching bilaterally." *Id.* at 13. The receptionist job, as described in the Dictionary of Occupational Titles ("DOT"),[1] requires "frequent" reaching which, according to Plaintiff, is precluded by her RFC. *Id.* Plaintiff thus contends that the ALJ's decision is not supported by substantial evidence. *See* Pl.'s Br. at 4.

---

[1] The DOT was promulgated by the Department of Labor to provide "standardized occupational information to support job placement activities." *See* Dep't of Labor, D.O.T. at xv (4th ed. 1991). The DOT, along with a companion volume – The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), contains descriptions of the requirements for thousands of jobs in the national economy and classifies those jobs based on various factors.

Although not required, an ALJ may consult a VE as part of her step four determination of whether a claimant can perform her past relevant work. *See, e.g., Dunn v. Colvin*, No. 4:12-CV-496-Y, 2013 WL 4756377, at *3 (N.D. Tex. Sep. 4, 2013) ("When determining at Step Four whether the claimant could perform her past relevant work, the ALJ is permitted to consult a VE."); *Graham v. Comm'r of Soc. Sec. Admin.*, No. 3:08-CV-2133-N-BH, 2009 WL 3199382, at *7 (N.D. Tex. Oct. 2, 2009) ("In determining whether a claimant can perform her past relevant work, the Commissioner may use the services of a VE and other resources, . . . ."). A vocational expert is called to testify because of his or her familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Vaughan*, 58 F.3d at 132.

Generally, the evidence provided by a VE should be consistent with the information supplied by the DOT. *See* SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000). A direct conflict may arise, however, when the VE's testimony regarding the exertion or skill level of a particular job is facially different than that indicated in the DOT or when the VE's testimony creates a conflict between the ALJ's RFC determination and the description of the jobs in the DOT. *See Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). When there is a conflict, neither the DOT nor the VE evidence automatically "trumps" the other. SSR 00-4p, 2000 WL 1898704, at *4. Rather, the ALJ must resolve the conflict by determining whether the VE's explanation is reasonable and provides a basis for relying on the VE testimony rather than on the DOT information. *Id.*; *Dukes v. Colvin*, No. 3:14-CV-173-BF, 2015 WL 1442988, at *4 (N.D. Tex. Mar. 31, 2015) (vocational expert testimony may

be accepted over a conflicting DOT provision if "the record reflects an adequate basis for doing so"). The ALJ must explain in her decision how any conflict that has been identified was resolved. SSR 00-4p, 2000 WL 1898704, at *4. Even when the ALJ fails to discover and address the conflict between the testimony of a VE and the DOT, the claimant is not entitled to relief unless she can show that she was prejudiced by such failure. *See DeLeon v. Barnhart*, 174 F. App'x 201, 203 (5th Cir. 2006); *Romine v. Barnhart*, 454 F. Supp. 2d 623, 627 (E.D. Tex. 2006). A plaintiff establishes the requisite prejudice by showing that, if the ALJ had fully developed the record, additional evidence would have been produced that might have led to a different decision. *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000).

In this case, the ALJ elicited the following evidence from the VE during the administrative hearing:

> Q: [C]onsider a hypothetical worker of the education and work background of the claimant and limit them to sedentary exertional demands, no operation of foot controls. Pushing or pulling would be limited to frequently and within the weight given for sedentaries. No climbing, no balancing. Stooping is limited to frequently, but no kneeling, no crouching and no crawling. Limit overhead reaching with either arm to occasional. And that worker needs to avoid constant traded exposure to unprotected heights or work with hazardous moving machinery. If you've got a hypothetical worker with those limitations, would they be capable of performing the claimant's past work?
>
> A: Did you give a manipulation?
>
> Q: No. Oh, other than the overhead reaching.
>
> A: Yeah, that's okay. That's pretty rare. Yes, receptionist.
>
> \* \* \*

> Q: Is your testimony consistent with the Dictionary of Occupational Titles?
>
> A: Yes, Your Honor.

Tr. at 40-42. Later, in her decision, the ALJ determined that Plaintiff's RFC for the full range of sedentary work was limited in that Plaintiff could only "occasionally" perform overhead reaching with both arms. *Id.* at 13. Relying on the VE's testimony, the ALJ found that Plaintiff could still perform her past work as a receptionist. *Id.* at 16. The ALJ further found that the VE's testimony was consistent with the DOT. *Id.* at 17. According to the DOT, however, the receptionist job requires "frequent" reaching.[2] *See* Dep't of Labor, D.O.T. 237.367-038, 1991 WL 672192 (G.P.O. 1991). Plaintiff thus contends that there is a conflict between the VE's testimony and the applicable DOT job description which renders the ALJ's decision unsupported by substantial evidence. The Commissioner disputes that any conflict exists because the DOT does not specify the extent to which any job requires "overhead" reaching. Def. Br. at 6.

The DOT does not distinguish among directions in reaching, and the social security regulations define "reaching" as "extending the hands and arms in *any* direction." SSR 85-15, 1985 WL 56857, at *7 (SSA 1985) (emphasis added). It thus appears that the VE's testimony conflicts with the DOT, *see, e.g., Lovings v. Colvin*, No. 13-1847-JC, 2014 WL 2159394, at *4 (C.D. Cal. May 23, 2014) (citing cases recognizing a possible conflict between a job which requires a certain frequency of "reaching" generally and a claimant's preclusion or restriction on reaching specifically above shoulder level), and the ALJ erred when she found the two were consistent. Notwithstanding

---

[2] "Frequent" reaching is defined as "exist[ing] from 1/3 to 2/3 of the time." *See* Dep't of Labor, D.O.T. 237.367-038, 1991 WL 672192 (G.P.O. 1991). By contrast, the social security regulations define "occasional" as "occurring from very little up to one-third of the time." *See* SSR 96-9p, 1996 WL 374185, at *3 (SSA July 2, 1996).

this error, Plaintiff is not entitled to relief because she cannot show prejudice. *See DeLeon*, 174 F. App'x at 203.

The record provides a reasonable basis for relying on the VE's testimony rather than on the DOT information. First, the VE's testimony indicates that a limitation on overhead reaching did not significantly impact his opinion that Plaintiff could work as a receptionist because overhead reaching is "pretty rare" in the workplace. Tr. at 41. Plaintiff offers no evidence to dispute this testimony. Further, the record evidence supports the ALJ's conclusion. The DOT describes the duties of the receptionist job as:

> Receives callers at establishment, determines nature of business, and directs callers to destination: Obtains caller's name and arranges for appointment with person called upon. Directs caller to destination and records name, time of call, nature of business, and person called upon. May operate PBX telephone console to receive incoming messages. May type memos, correspondence, reports, and other documents. May work in office of medical practitioner or in other health care facility and be designated Outpatient Receptionist (medical ser.) or Receptionist, Doctor's Office (medical ser.). May issue visitor's pass when required. May make future appointments and answer inquiries [INFORMATION CLERK (clerical) 237.367-022]. May perform variety of clerical duties [ADMINISTRATIVE CLERK (clerical) 219.362-010] and other duties pertinent to type of establishment. May collect and distribute mail and messages.

Dep't of Labor, D.O.T. 237.367-038, 1991 WL 672192 (G.P.O. 1991). Nothing in this description indicates that frequent "overhead" reaching is required. Nor does Plaintiff even argue that her past work as a receptionist required any amount of overhead reaching, much less "frequent" overhead reaching. Indeed, such an argument would be contrary to Plaintiff's own testimony and statements regarding her prior work. In describing the receptionist job she actually performed at a rehabilitation center, Plaintiff indicated that she "answered phone calls," "gave applications to men trying to come

into program," and "did work for counselors." Tr. at 150. She did not indicate that she had to reach overhead. Finally, when asked by the ALJ if she could return to work as a receptionist "answering phones and directing people," Plaintiff responded "No," but only because she could not keep her feet under a closed space for a long period of time. Tr. at 39. Plaintiff never indicated that she could not do the job because she was limited in her ability to reach overhead. Plaintiff has failed to show that, if the ALJ had fully developed the record, additional evidence would have been produced that might have led to a different decision. Accordingly, the court finds that substantial evidence supports the ALJ's determination that Plaintiff can perform her past work as a receptionist. *See Borrego v. Astrue*, 825 F. Supp. 2d 779, 790 (W.D. Tex. 2011) (affirming Commissioner's decision to deny benefits where substantial evidence supported ALJ's finding that claimant, who had RFC to perform sedentary work limited by an inability to more than occasionally reach overhead with right upper extremity, was capable of performing the handling and reaching functions of her past relevant clerical work, and thus was not disabled).

## CONCLUSION

The final decision of the Commissioner is AFFIRMED.

SO ORDERED, July 10, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE